IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Allen Severance,<br><br>       Petitioner,<br><br>v.<br><br>Brian D. Kaiser, et al.,<br><br>       Respondents. | No. CV-15-01194-PHX-NVW (ESW)<br><br>**REPORT AND RECOMMENDATION** |

On October 20, 2015, Petitioner Dale Allen Severance, who is confined in the Arizona State Prison Complex-Safford in Safford, Arizona, filed a pro se Amended Petition for Writ of Habeas Corpus (the "Amended Petition") (Doc. 10) pursuant to 28 U.S.C. § 2254. The Court required Respondents to answer (Doc. 11). By Order issued on December 18, 2015 (Doc. 16), the Court allowed Respondents to file a dispositive motion in lieu of an answer. Pending before the Court is Respondents' Motion to Dismiss Habeas Petition for Failure to Exhaust Any Claim (Doc. 18). The Court ordered that a response to the Motion to Dismiss shall be filed no later than February 1, 2016 (Doc. 19). No response has been filed. The matter is deemed submitted for decision.

The undersigned finds that there are two bases for dismissing the Amended Petition (Doc. 10). First, the Court may summarily grant Respondents' Motion to

Dismiss as Petitioner has failed to timely respond.  LRCiv 7.2(i).  Second, the Court may grant Respondents' Motion to Dismiss on the merits because Petitioner has not exhausted any of his federal habeas claims.

## I. PROCEDURAL HISTORY

On July 28, 2014, Petitioner pled guilty to one count of Aggravated Driving or Actual Physical Control while Under the Influence of Intoxicating Liquor or Drugs in violation of Arizona law.  (Doc. 1 at 26).  The state trial court accepted Petitioner's guilty plea.[1]  (Doc. 16 at 6-7).  On September 26, 2014, the trial court sentenced Petitioner to a six year term of incarceration.  (*Id*. at 9-12).  In its December 4, 2014, minute entry, the trial court acknowledged receipt of Petitioner's notice of post-conviction relief ("PCR") and appointed counsel to represent Petitioner.[2]  (*Id*. at 14-16).  The trial court granted several extensions of time to file a PCR petition.  A recent minute entry set January 4, 2016 as the deadline to file a PCR petition.  (*Id*. at 18).  However, Petitioner requested and received another filing extension.  (Attachment 1).

## II. LEGAL STANDARDS

A "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.").  The rationale for the doctrine relates to the policy of federal-state comity.  *Picard*, 404 U.S. at 275 (1971). The comity policy is designed to give a state the initial opportunity to review and correct alleged federal rights

---

[1] The docket and documents in Petitioner's criminal cases are public records of which the Court can take judicial notice. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (taking notice of documents from petitioner's state court habeas petition).

[2] A plea-convicted defendant is entitled to a Rule 32 of-right proceeding.  *See* Ariz. R. Crim. P. 32.1 and 32.4.

violations of its state prisoners. *Id*. In the U.S. Supreme Court's words, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 (1950); *see also Reed v. Ross*, 468 U.S. 1, 11 (1984) ("[W]e have long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power.") (citations and internal quotation marks omitted). The exhaustion doctrine is codified at 28 U.S.C. § 2254. That statute provides that a habeas petition may not be granted unless the petitioner has (i) "exhausted" the available state court remedies; (ii) shown that there is an "absence of available State corrective process"; or (iii) shown that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A district court has the discretion to stay a habeas petition that contains both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269 (2005); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Regarding petitions containing only unexhausted claims, the Ninth Circuit Court of Appeals has explained that "[o]nce a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further . . . Instead, it may simply dismiss the habeas petition for failure to exhaust." *Rasberry*, 448 F.3d at 1154.

### III. DISCUSSION

It is undisputed that Petitioner has not exhausted any of his federal habeas claims. Petitioner's of-right PCR petition has not yet been filed. While the PCR petition was due by January 4, 2016, Petitioner requested and received another filing extension. (Attachment 1). Because Petitioner's of-right PCR proceedings are still pending, the limitations period under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") has not commenced.[3]

---

[3] In this case, the relevant triggering event for purposes of the one year statute of

Respondents seek dismissal of Petitioner's Amended Petition because Petitioner has failed to exhaust all remedies available in the state court. In addition, the Court finds that Petitioner has not responded to Respondents' Motion to Dismiss. "[I]f the unrepresented party . . . does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Either summarily or on the merits for failure to exhaust all available state remedies, the undersigned will recommend that Petitioner's Amended Petition (Doc. 10) be dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth herein,

**IT IS RECOMMENDED** that the Court dismiss Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 10) without prejudice.

### Effect of Recommendation

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. However, pursuant to Rule 72(b), Fed. R. Civ. P., the parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the

---

limitations under AEDPA is the date on which Petitioner's judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Ninth Circuit case law, an Arizona defendant's of-right PCR proceeding is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A). *See Summers v. Schriro*, 481 F. 3d 710, 711, 716-17 (9th Cir. 2007). Therefore, when an Arizona petitioner's PCR proceeding is of-right, AEDPA's statute of limitations does not begin to run until the conclusion of review or the expiration of the time for seeking such review. *See Id.*

Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 9th day of February, 2016.

Eileen S. Willett
United States Magistrate Judge